UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLESTER WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>SERGEANT R. ANDERSON, et al.,<br><br>    Defendant. | Case No.: 1:10-cv-01250-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>[ECF No. 39] |

Plaintiff Sylester Williams is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 12, 2012. Local Rule 302.

Now pending before the Court is Plaintiff's motion for a preliminary injunction, filed on September 30, 2013. Plaintiff requests a court order to direct the Office of the Attorney General to investigate and expedite his transfer to a different facility.

I.

DISCUSSION

A preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 9 (2008). For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). This requires Plaintiff to show

1  that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must
2  be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged
3  conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress
4  the injury.  Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.  Further, any award of equitable
5  relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective
6  relief in any civil action with respect to prison conditions shall extend no further than necessary to
7  correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant
8  or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no
9  further than necessary to correct the violation of the Federal right, and is the least intrusive means
10 necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

11         Federal courts are courts of limited jurisdiction and in considering a request for preliminary
12 injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it
13 an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665
14 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S.
15 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy
16 before it, it has no power to hear the matter in question.  Id.  Requests for prospective relief are further
17 limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the
18 Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the
19 violation of the Federal right, and is the least intrusive means necessary to correct the violation of the
20 Federal right."

21         A motion for injunctive relief must relate to the allegations in the complaint.  Thus, a party
22 seeking preliminary injunctive relief, "must necessarily establish a relationship between the injury
23 claimed in the party's motion and the conduct asserted in the complaint.  Devose v. Herrington, 42
24 F.3d 470, 471 (8th Cir. 1994); see also De Beers Consolidated Mines, Ltd. V. United States, 325 U.S.
25 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the
26 same character as that which may be granted finally.  The injunction in question is not of this
27 character.  It is not an injunction in the cause, and it deals with a matter lying wholly outside the issues
28 in the suit.").  This action is proceeding against Defendant Sergeant Anderson for subjecting Plaintiff

to conditions and confinement in violation of the Eighth Amendment.  Thus, Plaintiff's request for injunctive relief does not go to the merits of Plaintiff's action.  Accordingly, the case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion bears no relation to the issues present in the instant action.  Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); see also Summers v. Earth Island Inst., 555 U.S. 488, 492-493 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04 (1998).  Because the case-or-controversy requirement cannot be met, the pendency of this action provides no basis upon which to award Plaintiff injunctive relief.  Id.

## II.
## ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that Plaintiff's motion for a preliminary injunction is DENIED.

IT IS SO ORDERED.

Dated: __December 4, 2013__

UNITED STATES MAGISTRATE JUDGE