UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLESTER WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>SERGEANT R. ANDERSON, et al.,<br><br>    Defendant. | Case No.: 1:10-cv-01250-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PHONE CALL PRIVILEGES AND DIRECTING CLERK OF COURT TO FORWARD PLAINTIFF A COPY OF DOCKET SHEET<br><br>[ECF Nos. 43, 44] |

    Plaintiff Sylester Williams is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 302.

    On December 6, 2013, Plaintiff filed a motion for the Court to grant him telephone access, along with a motion for a status update of the case.  Plaintiff requests, in part, that the Court issue an order granting him access to long distance telephone calls while he is detained at the San Jose County Jail.  Plaintiff also requests a copy of the docket sheet in this case.

**I.**

**DISCUSSION**

    A preliminary injunction is an extraordinary remedy never awarded as of right.  <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 9 (2008).  For each form of relief sought in federal court, Plaintiff must establish standing.  <u>Summers v. Earth Island Institute</u>, 555 U.S. 488, 493

1

1  (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).  This requires Plaintiff to show
2  that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must
3  be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged
4  conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress
5  the injury.  Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.  Further, any award of equitable
6  relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective
7  relief in any civil action with respect to prison conditions shall extend no further than necessary to
8  correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant
9  or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no
10 further than necessary to correct the violation of the Federal right, and is the least intrusive means
11 necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

12        Federal courts are courts of limited jurisdiction and in considering a request for preliminary
13 injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it
14 an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665
15 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S.
16 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy
17 before it, it has no power to hear the matter in question.  Id.  Requests for prospective relief are further
18 limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the
19 Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the
20 violation of the Federal right, and is the least intrusive means necessary to correct the violation of the
21 Federal right."

22        A motion for injunctive relief must relate to the allegations in the complaint.  Thus, a party
23 seeking preliminary injunctive relief, "must necessarily establish a relationship between the injury
24 claimed in the party's motion and the conduct asserted in the complaint.  Devose v. Herrington, 42
25 F.3d 470, 471 (8th Cir. 1994); see also De Beers Consolidated Mines, Ltd. V. United States, 325 U.S.
26 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the
27 same character as that which may be granted finally.  The injunction in question is not of this
28 character.  It is not an injunction in the cause, and it deals with a matter lying wholly outside the issues

in the suit."). This action is proceeding against Defendant Sergeant Anderson for subjecting Plaintiff to conditions and confinement in violation of the Eighth Amendment. Thus, Plaintiff's request for injunctive relief does not go to the merits of Plaintiff's action. Accordingly, the case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion bears no relation to the issues present in the instant action. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); see also Summers v. Earth Island Inst., 555 U.S. 488, 492-493 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04 (1998). Because the case-or-controversy requirement cannot be met, the pendency of this action provides no basis upon which to award Plaintiff injunctive relief. Id.

## II.
## ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a preliminary injunction is DENIED; and.

2. The Clerk of Court shall send Plaintiff a copy of the docket sheet in this case.

IT IS SO ORDERED.

Dated: **January 9, 2014**

UNITED STATES MAGISTRATE JUDGE