UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLESTER WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SERGEANT R. ANDERSON, et al.,<br><br>　　　　Defendant. | Case No.: 1:10-cv-01250-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND/OR ASSISTANCE FROM THE COURT REGARDING FALSIFICATION OF SWON DECLARATIONS<br><br>[ECF No. 72] |

　　　Plaintiff Sylester Williams is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Now pending before the Court is Plaintiff's motion for appointment of counsel, filed August 22, 2014.

　　　On July 7, 2014, Plaintiff filed a motion for summary judgment, and, on July 24, 2014, Defendant Anderson filed a motion for summary judgment.

　　　Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist.  Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims pro

se in light of the complexity of the legal issues involved.  <u>Palmer</u> at 970 (citation and quotation marks omitted); <u>Wilborn</u>, 789 F.2d at 1331.  Neither consideration is dispositive and they must be viewed together.  <u>Palmer</u>, 560 F.3d at 970 (citation and quotation marks omitted); <u>Wilborn</u>, 789 F.2d at 1331.

Plaintiff requests the appointment of counsel to represent him apparently based on his claim that Defendants have submitted false sworn declarations and he is unable to gain access to certain materials.  However, Plaintiff primarily focuses on the factual and/or legal allegations set forth in Defendant's pending motion for summary judgment.

Plaintiff's arguments to not amount to exceptional circumstances, which requires an evaluation of the likelihood of Plaintiff's success on the merits and the ability to articulate his claims in light of the complexity of the legal issues involved.  See <u>Agyeman v. Corrections Corp. of America</u>, 390 F.3d 1101, 1103 (9th Cir. 2004).  Plaintiff's conditions of confinement claim against Defendant Anderson is not complex, and based upon the documents he has filed with the Court, he appears to be more than capable of articulating and presenting his arguments.  Accordingly, Plaintiff's motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **September 2, 2014**

UNITED STATES MAGISTRATE JUDGE