UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLESTER WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SERGEANT R. ANDERSON, et al.,<br><br>　　　　　Defendant. | Case No.: 1:10-cv-01250-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND MOTION TO SUBPOENA CERTAIN DOCUMENTS, AND DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br><br>[ECF Nos. 83, 84, 93] |

　　　　Plaintiff Sylester Williams is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 302.

　　　　Now pending before the Court is Plaintiff's motion to compel and motion to allow Plaintiff to subpoena Defendant's log books and time cards.  (ECF Nos. 83, 84.)  Pursuant to court order, Defendant filed an opposition to Plaintiff's motions on December 17, 2014.

　　　　On January 5, 2015, Plaintiff filed a motion to extend the time to file a reply to Defendant's opposition.  (ECF No. 93.)  Based on the Court's review of Plaintiff's motion, Defendants' opposition, and Plaintiff's present request to extend the time to file a reply, the Court finds that further briefing on this motion, by way of reply by Plaintiff, is unnecessary to resolve the merits of the motion and no prejudice will result by denial thereby.  In his request to extend the time to file a reply, Plaintiff merely repeats the allegations already set forth in his motion and a further reply is not necessary.

# I.

# RELEVANT BACKGROUND

On August 21, 2013, the Court issued a discovery and scheduling order, setting the discovery cut-off date as April 21, 2014.  (ECF No. 31.)

On July 7, 2014, Plaintiff filed a motion for summary judgment.  (ECF No. 55.)

On July 24, 2014, Defendant Anderson filed a motion for summary judgment.  (ECF No. 56.)

Thereafter, Plaintiff filed several motions relating to Defendant's motion for summary judgment, conducting further discovery, and to withdraw Defendant's right to file a motion for summary judgment.  (ECF Nos. 61, 65, 68, 69, 71, 72.)

On August 22, 2014, Plaintiff requested the court to appoint counsel, or in the alternative, assistance from the Court regarding false sworn declarations.  (ECF No. 72.)  Plaintiff also requested that he be allowed to conduct discovery to obtain Defendant's time cards to show that Defendant worked second watch.  (Id.)   The Court denied Plaintiff's motion in its entirety.  (ECF No. 73.)

On September 11, 2014, Plaintiff filed a motion entitled "Plaintiff's Further Need for Counselor Discovery New Evidence About Defendants Actual Job Hours."  (ECF No. 75.)  Plaintiff's request was denied.  (ECF No. 76.)

Plaintiff filed an opposition to Defendant's motion for summary judgment on October 24, 2014.

On October 30, 2014, Plaintiff moved to compel Defendant to turn over documents, including a grievance Plaintiff filed regarding modesty panels in the shower.  (ECF No. 83.)  Plaintiff further contends that defense counsel falsified documents and removed documents from Plaintiff's central file.  (Id.)  Plaintiff also seeks log books and time cards relating to the time Defendant Anderson worked.  (Id.)

# II.

# DISCUSSION

It appears that Plaintiff seeks relief under Rule 56(d) of the Federal Rules of Civil Procedure by seeking a delay in ruling on Defendant's pending motion for summary judgment to conduct further

1  discovery of the time cards and book logs as to Defendant Anderson's work schedule during the
2  relevant time period.
3       Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified
4  reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering
5  the motion or deny it; (2) allow time to obtain affidvaits or declarations or to take discovery; or (3)
6  issue any other appropriate order."  Fed. R. Civ. P. 6(d).  In seeking relief under Rule 56(d), Plaintiff
7  bears the burden of specifically identifying relevant information, where there is some basis for
8  believing that the information actually exists, and demonstrating that the evidence sought actually
9  exists and that it would prevent summary judgment.  Blough v. Holland Realty, Inc., 574 F.3d 1084,
10 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); Getz v. Boeing Co., 654 F.3d 852,
11 867-868 (9th Cir. 2011).

12     **A.**     **Defense Counsel's Failure to Respond**

13     In his motion to compel, Plaintiff references a period of fourteen months in which defense
14 counsel failed to respond to Plaintiff's discovery requests.
15     In response, defense counsel submits that Plaintiff served Defendant Anderson with requests
16 for interrogatories, requests for admissions, and request for documents in September 2013.  (ECF No.
17 90, Opp'n, Ex. A.)  Despite counsel's claim that the requests were irrelevant to the matters at issue,
18 Defendant Anderson responded.  (Id.)
19     Plaintiff provides no basis to support his motion to compel any further responses than those
20 provided previously by counsel.

21     **B.**     **Modesty Screens**

22     Plaintiff seeks an order compelling defense counsel to provide a copy of Plaintiff's grievance
23 concerning modesty panels and a petition for writ of habeas corpus.  (ECF No. 83, ¶ 2.)  Plaintiff
24 further alleges that Defendant Anderson "liked on my 602 and said their [sic] were modesty panels on
25 the shower doors when he knew their [sic] had not been none [sic] in over 20 years."  (ECF No. 83, ¶
26 3.)
27     Defendant opposes Plaintiff's request on the ground that such evidence is irrelevant to the
28 issues present in the instant matter.

1   The Court agrees with Defendant.  This action is proceeding against Defendant Anderson on Plaintiff's claim of cruel and unusual punishment arising out of the conditions of his confinement at Corcoran State Prison between February 25, 2009 to July 13, 2010.  Plaintiff alleges that Defendant Anderson often moved him to different cells that were next to "screaming beating psychiatric patients who scream and beat at all hours of the day and night" which deprived Plaintiff of sleep and peace of mind at all times.  Plaintiff contends Defendant Anderson refused to monitor the noise level in the security housing unit.  As a result of the noise, Plaintiff alleges he had a severe nervous breakdown and had to be placed on suicide watch for stress.  Plaintiff also suffered three ear injuries and received medical attention for his injuries. (ECF No. 20, at 3.)

There is no relevance to documents referring or relating to the presence or lack of modesty screen and there is no basis to reopen discovery for such purpose.  Accordingly, because any documents relating to modesty screens is immaterial to the issues present in the instant case, Plaintiff's motion to compel such documents must be denied.

### C.   Time Cards and Log Books

Plaintiff is requesting an order allowing him to subpoena the log books and Defendant's time cards for the period of August 25, 2009 through April 8, 2010.  Plaintiff contends these documents will show that Defendant Anderson lied in his declaration (submitted in support of his motion for summary judgment) about the time that he worked in March 2010, and will prove that Defendant Anderson lied about touring the unit during the second watch.  (ECF No. 84.)

Defendant responds that the documents requested will not defeat Defendant's motion for summary judgment because the undisputed evidence shows that: (1) Defendant Anderson answered Plaintiff's requests for interview; (2) the noisy inmate was moved within days of Plaintiff's complaint; and (3) Captain Variz was responsible for moving the noisy inmate.

The Court finds that Plaintiff has failed to meet his burden in justifying relief under Rule 56(d). Plaintiff has failed to provide sufficient factual detail to support the finding such information is essential to prevent summary judgment.   To the contrary, even assuming that Defendant Anderson worked third watch during the three to four days in question, it is not essential to defeat summary judgment by showing Anderson worked between March 6 and March 10, 2010.  Defendant Anderson

declared that he toured the SHU on a daily basis, and never heard or saw anything out of the ordinary. Furthermore, Defendant Anderson declares that at no time (regardless of the shift worked) did he believe the conditions in the SHU were unconstitutional, or that Plaintiff's health or safety were threatened by conditions in the SHU.  Plaintiff points to no specific facts within the time cards and/or log books that are essential to his opposition to Defendant's motion for summary judgment.  Rather, Plaintiff's motion suggests the reason for such documentation is to further his claim of perjury by Defendant.  The time cards and/or log books are not essential to Plaintiff's ability to challenge the Defendant's credibility by way of opposition to the pending motion for summary judgment.

In light of the fact that Plaintiff has failed to prove that the time cards and/or log books are essential to opposing Defendant's motion for summary judgment, his motion to compel and motion for issuance of subpoenas are denied.

**D.  Allegations Relating to Destroyed and/or Stolen Records from Plaintiff's Central File**

Plaintiff makes repeated reference to a claim that defense counsel mishandled documents in his central file.  Plaintiff specifically claims that counsel "examined my prison records then she snatched and took out the documents that prove he client [sic] can't be trusted, and was found to have falsified my grievances."  (ECF No. 83, ¶ 1.)  Plaintiff essentially contends that certain documents submitted by counsel are "fake," certain documents are missing from exhibits, and documents are missing from his central file. (ECF No. 83, introductory paragraph & p. 3; ECF No. 84, at p.6.)

Defense counsel submits that Plaintiff's allegations are false.  Counsel for Defendant Anderson declares that she did not have access to Plaintiff's physical central file, but rather, requested a copy of Plaintiff's central file on disc.  (Opp'n, Ex. C, declaration of K. Hammond, ¶ 6.)

Defense counsel declares that she "did not include every document in Plaintiff's central file as an exhibit in support of Defendant's motion for summary judgment.  Only those documents that were necessary to support Defendant's motion were included as exhibits. The fact that not all documents included within Plaintiff's central file were used as exhibits does not signify that there are documents missing from Plaintiff's central file."  (Id. at ¶¶ 7-8.)

Plaintiff fails to demonstrate that counsel for Defendant forged, stole, damaged, destroyed, or in any way altered documents, or that counsel's statements are perjured.  Because the Court has found not merit to Plaintiff's claim, the Court need not strike such allegations from the record as requested by Defendant.

### III.
### ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file a reply is DENIED;
2. Plaintiff's motion to compel, filed October 30, 2014, is DENIED;
3. Plaintiff's motion to subpoena Defendant's log books and time cards is DENIED; and
4. As Plaintiff has filed an opposition to Defendant's motion for summary judgment and his present motions have been denied, Defendant's motion for summary judgment is DEEMED submitted to the Court (Local Rule 230(l)), and the Court will issue a ruling in due course.

IT IS SO ORDERED.

Dated:  **January 5, 2015**

UNITED STATES MAGISTRATE JUDGE