UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLESTER WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>SERGEANT R. ANDERSON, et al.,<br><br>    Defendant. | Case No.: 1:10-cv-01250-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S ERRATA MOTION<br><br>[ECF No. 85] |

    Plaintiff Sylester Williams is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 302.

    Now pending before the Court is Plaintiff's errata motion, filed November 3, 2014.  (ECF No. 85.)  Plaintiff initially requests the Court disregard and replace any and all statements made by Plaintiff relating to defense counsel in his prior filings, with "the defendant falsified Plaintiff's grievances medical records and so forth."  (ECF No. 85, at 1.) .  The Defendants did not respond to this motion.

    Plaintiff further requests that the Court strike undisputed facts numbers 41 through 44 and 46, and to strike certain medical and mental health records submitted in support of Defendants' motion for summary judgment.

"The Court may strike from a pleading an insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) is limited to striking from a pleading only those specific matters which are provided for in the rule. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973-975 (9th Cir. 2010). A movant must show that the allegations are devoid of merit, unworthy of any consideration, and unduly prejudicial. Facility Wizard Software, Inc. v. Southeastern Technical Services, LLC, 647 F.Supp.2d 938, 942 (N.D. Ill. 2009). A motion to strike is generally disfavored. Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989).

The fact that Plaintiff disagrees with certain facts presented as undisputed and disputes certain medical records submitted in support of Defendant's motion for summary judgment does not provide a basis to strike such documents. Plaintiff is able to raise a genuine dispute of fact regarding the facts at issue in this case through an affidavit based on his own personal knowledge. Fed. R. Civ. P. 56(c)(4). Accordingly, Plaintiff's motion to strike undisputed facts numbers 41 through 44 and 46, shall be is DENIED. Although the Court makes no ruling as to the whether such facts are disputed for purposes of analysis of Defendant's motion for summary judgment.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request to replace any reference to defense counsel be replaced with the defendant falsified Plaintiff's grievances medical records and so forth." (ECF No. 85, at 1.), is GRANTED; and

2. Plaintiff's motion to strike certain documents filed in support of Defendant's motion for summary judgment is DENIED.

IT IS SO ORDERED.

Dated: __January 5, 2015__

UNITED STATES MAGISTRATE JUDGE