UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLESTER WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>SERGEANT R. ANDERSON, et al.,<br><br>    Defendant. | Case No.: 1:10-cv-01250-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S FOURTH MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 123] |

Plaintiff Sylester Williams is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 302.

On April 20, 2015, Plaintiff filed a fourth motion for the appointment of counsel.  As this Court has previously informed Plaintiff, district courts lack the authority to require counsel to represent indigent prisoners in section 1983 cases.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist.  Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331.  Neither

1

consideration is dispositive and they must be viewed together. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331.

Plaintiff requests the appointment of counsel to represent him in preparation for trial, including making contact with certain witnesses. Plaintiff's arguments do not amount to exceptional circumstances. The Court finds, for the fourth time, that Plaintiff is capable of articulating his claims without the appointment of counsel. Although legal matters may be inherently complex and incarceration may limit certain preparation for trial, these factors are common to all prisoner litigation. While a pro se litigant, "would be better served with the assistance of counsel," Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), as long as a pro se litigant, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" requirement does not exist. Id. Plaintiff's conditions of confinement claim against Defendant Anderson is not complex, and based upon the documents he has filed with the Court, he appears to be more than capable of articulating and litigating this case . Accordingly, Plaintiff's motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **April 23, 2015**

UNITED STATES MAGISTRATE JUDGE