UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLESTER WILLIAMS,<br><br>            Plaintiff,<br><br>     v.<br><br>SERGEANT R. ANDERSON, et al.,<br><br>            Defendant. | Case No.: 1:10-cv-01250-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PERJURY CHARGES AGAINST DEFENDANT<br><br>[ECF No. 126] |

    Plaintiff Sylester Williams is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 302.

    Pursuant to the Court's trial scheduling order, this case is currently set for jury trial on August 25, 2015.

    On May 4, 2015, Plaintiff filed a motion for perjury charges against Defendant Anderson relating to his declaration submitted in support of his motion for summary judgment.  Plaintiff seeks a court order to direct Defendant Anderson to admit or deny certain factual allegations.  Plaintiff's request must be denied.  Plaintiff takes issue with the fact that Defendant Anderson's declaration declares that he interviewed Plaintiff on "at least" one occasion, however, Plaintiff's has copies of two separate requests for interviews.  The fact that Plaintiff may disagree with some factual contentions or even point to inconsistencies set forth in Defendant Anderson's declaration does not present a basis for

1 perjury charges.  As Plaintiff was previously advised in the Court's January 6, 2015, order, defense
2 counsel has declared that she "did not include every document in Plaintiff's central file as an exhibit in
3 support of Defendant's motion for summary judgment.  Only those documents that were necessary to
4 support Defendant's motion were included as exhibits. The fact that not all documents included within
5 Plaintiff's central file were used as exhibits does not signify that there are documents missing from
6 Plaintiff's central file." (ECF No. 94.)  To the extent Defendant Anderson testifies at trial, Plaintiff
7 may cross-examine and impeach such testimony, subject to any relevant objections by the defense.

8     Lastly, Plaintiff is advised to focus his request to the law.  Since no procedural mechanism
9 exists for a motion for perjury charges his request wastes valuable time of the Court which must be
10 reserved to addressing issues before the court which are governed by the law.  This motion is not one
11 of those requests.

12     Plaintiff's present motion for perjury charges must be DENIED.

14 IT IS SO ORDERED.

15 Dated:   **May 7, 2015**
16                                                             UNITED STATES MAGISTRATE JUDGE