UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLESTER WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>SERGEANT R. ANDERSON, et al.,<br><br>        Defendant. | Case No.: 1:10-cv-01250-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR COURT ORDER TO FORCE DEFENDANT TO ESTABLISH THE TRUTH OF THE SWORN DECLARATION<br><br>[ECF No. 130] |

       Plaintiff Sylester Williams is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 302.

       Pursuant to the Court's April 8, 2015, order, this case is currently set for jury trial on August 25, 2015.  (ECF No. 120.)

       On May 11, 2015, Plaintiff filed a motion requesting a court order to force Defendant Anderson to establish the truth of his sworn declaration.  Plaintiff continues to claim, as he has done repeatedly, that Defendant Anderson has submitted a false declaration to the Court.  (ECF No. 130.)

       On May 4, 2015, Plaintiff filed a motion for perjury charges against Defendant Anderson, and Plaintiff's present motion raises essentially the same argument as presented in the prior motion.  (ECF No. 126.)  The Court denied Plaintiff's motion on May 7, 2015, stating:

> Plaintiff seeks a court order to direct Defendant Anderson to admit or deny certain factual allegations. Plaintiff's request must be denied. Plaintiff takes issue with the fact that Defendant Anderson's declaration declares that he interviewed Plaintiff on "at least" one occasion, however, Plaintiff's has copies of two separate requests for interviews. The fact that Plaintiff may disagree with some factual contentions or even point to inconsistencies set forth in Defendant Anderson's declaration does not present a basis for perjury charges. As Plaintiff was previously advised in the Court's January 6, 2015, order, defense counsel has declared that she "did not include every document in Plaintiff's central file as an exhibit in support of Defendant's motion for summary judgment. Only those documents that were necessary to support Defendant's motion were included as exhibits. The fact that not all documents included within Plaintiff's central file were used as exhibits does not signify that there are documents missing from Plaintiff's central file." (ECF No. 94.) To the extent Defendant Anderson testifies at trial, Plaintiff may cross-examine and impeach such testimony, subject to any relevant objections by the defense.
>
> Lastly, Plaintiff is advised to focus his request to the law. Since no procedural mechanism exists for a motion for perjury charges his request wastes valuable time of the Court which must be reserved to addressing issues before the court which are governed by the law. *This motion is not one of those requests*.
>
> Plaintiff's present motion for perjury charges must be DENIED.

(ECF No. 127, Order at 1:23-2:12) (Emphasis added.)

Plaintiff's present motion raises the same arguments as presented in his May 4, 2015, motion by way of requesting a court order instead of perjury charges. For the reasons explained in the Court's May 7, 2015, order, Plaintiff's motion is DENIED. Plaintiff is again advised that repetitious presentation of the same unsuccessful legal arguments needlessly delays the resolution of a case and wastes judicial resources, and Plaintiff is cautioned to refrain from such filings. To this end, <u>Plaintiff is advised that future repetitive filing will result in the imposition of an order to show cause why the action should not be dismissed for failure to prosecute this action</u>. Local Rule 110. As stated above, this case is set for jury trial on **August 25, 2015**, and Plaintiff continues to fail to focus his efforts on preparation of the trial proceeding as set forth in the Court's April 8, 2015, trial scheduling order. Even if Plaintiff may acknowledge certain filings in error and request withdrawal of such requests, such action does not defeat the improper nature of such filings. This Court has gone through great lengths to ensure the expedient resolution of this action and without Plaintiff's cooperation in

prosecuting this action, the Court will be faced with no other choice but dismissal of the action for Plaintiff's failure to prosecute. The Court strives to ensure that both parties receive a fair trial in this case and will continue to do so, but consistent with the law.

IT IS SO ORDERED.

Dated:   **May 27, 2015**

UNITED STATES MAGISTRATE JUDGE