UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLESTER WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>SERGEANT R. ANDERSON, et al.,<br><br>    Defendant. | Case No.: 1:10-cv-01250-SAB (PC)<br><br>ORDER SETTING SETTLEMENT CONFERENCE<br><br>Date: 07/30/2015<br>Time: 10:00 a.m.<br>Place: Courtroom 6 |

Plaintiff Sylester Williams is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This case is currently set for jury trial on August 25, 2015, before the undersigned.

The parties have expressed a willingness to engage in a settlement conference. Therefore, this case is referred to United States Magistrate Judge Michael J. Seng to conduct a settlement conference at the U. S. District Court, Robert E. Coyle Federal Courthouse located at 2500 Tulare Street, Fresno, CA, in Courtroom #6 on July 30, 2015, at 10:00 a.m.

A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order.

In accordance with the above, the Court HEREBY ORDERS as follow:

1. This case is set for a settlement conference before United States Magistrate Judge Michael J. Seng on **July 30, 2015**, at 10:00 a.m. at the U. S. District Court, Robert E. Coyle Federal

Courthouse located at 2500 Tulare Street, Fresno, CA, in Courtroom #6 on July 30, 2015, at 10:00 a.m.

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement on the defendants' behalf shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. The parties are requested to send Judge Seng a settlement conference statement on or before **July 23, 2015**, so that he may ascertain each party's expectations of the settlement conference.

5. The settlement conference statements shall address whether there have been any previous settlement negotiations.

IT IS SO ORDERED.

Dated:   **July 10, 2015**

UNITED STATES MAGISTRATE JUDGE

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences…." *United States v. United States District Court for the Northern Mariana Islands*, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989), *cited with approval by Official Airline Guides, Inc. v. Goss*, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. *Pittman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), *amended on recon. in part*, *Pitman v. Brinker Int'l, Inc.*, No. CV02-1886PHX DGC, 2003 WL 23353478, at *3 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. *Pitman*, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. *Nick v. Morgan's Foods, Inc.*, 270 F. 3d 590, 596-97 (8th Cir. 2001).