UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLESTER WILLIAMS,<br><br>            Plaintiff,<br><br>    v.<br><br>SERGEANT R. ANDERSON, et al.,<br><br>            Defendant. | Case No.1:10-cv-01250-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL, WRIT OF MANDATE, MOTION FOR DISCOVERY, AND MOTION FOR RESPONSE BY DISTRICT JUDGE<br><br>[ECF Nos. 154, 155, 157, 158, 159] |

On July 30, 2015, the parties entered into a settlement agreement in this action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of the United States Magistrate Judge. Local Rule 302.

On February 1, 2016, Plaintiff filed a motion to compel for breach of contract. (ECF No. 154.) On February 8, 2016, Plaintiff filed a motion to compel and writ of mandamus. (ECF No. 155.)

Defendant filed an opposition to Plaintiff's motions on February 16, 2016. (ECF No. 156.)

On February 16, 2016, Plaintiff filed a motion for discovery and a motion for a response from District Judge Anthony W. Ishii. (ECF Nos. 157, 158.)

Because all of Plaintiff's motions challenge the settlement agreement payment by Defendant, namely, the $462.37 deducted as part of the restitution payment and administrative fee of 5%, the Court will not address each motion individually.

///

1

# I.

# DISCUSSION

## A.    Motion to Enforce Terms of Settlement Agreement

Defendant submits that the terms of the settlement agreement were as follows: (1) Plaintiff was required to sign a voluntary dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), to be filed immediately; (2) the California Department of Corrections and Rehabilitation (CDCR) was required to pay $2,500.00, minus any amount owed by Plaintiff under a restitution fine or order per Penal Code section 2085.5, including any administrative fees related to such amounts, and that such amounts and fees would be deducted from the settlement amount and paid on Plaintiff's behalf; (3) Plaintiff was required to complete a Payee Data Form; (4) CDCR would make a good-faith effort to pay the settlement amount (minus any restitution amounts, liens and fees) within 180 days from the date Plaintiff delivered to Defendant a signed settlement agreement, a notice of voluntary dismissal with prejudice, and all of the required Payee Data Forms; (5) no other monetary sum would be paid to Plaintiff; and (6) each party would bear its own costs and attorney's fees.

Defendant argues that Plaintiff's motions should be denied because no part of the settlement is missing.  The four hundred dollars was deducted as part of the restitution owed by Plaintiff under his previous CDCR number, E-23233 (Defendant's Exhibit A, Offender Identification).  Sixty-two dollars and thirty-seven cents was deducted as a one-time administrative fee of 5%.  Defendant submits that the amount Plaintiff seeks was properly collected under the terms of the settlement agreement.

Defendant submits, and Plaintiff does not dispute, that under Section III of the settlement agreement, entitled Terms and Conditions, paragraph 2, it is stated that, "CDCR shall pay Plaintiff $2,500.00 (the settlement amount).  However, Plaintiff understands that CDCR is obligated by California Penal Code section 2085.5 to collect any amounts owed by a prisoner under a restitution fine or order, including any administrative fees related to such amounts.  Such amounts and fees will be deducted from the settlement amount and paid on Plaintiff's behalf as required by Penal Code section 2085.5.  If the settlement amount exceeds the restitution amounts and fees, the excess balance shall be made by check to Plaintiff's inmate trust account or to another payee if designated by Plaintiff.  Plaintiff further understands that CDCR is obligated to pay all outstanding liens against

1  Plaintiff, known or unknown, if any, which amounts must be deduced from the settlement amount and
2  paid on Plaintiff's behalf to the lienholder(s)."  (ECF No. 159, at 3.)

   Thus, the restitution amount collected by the Defendant was not limited to the restitution owed by Plaintiff under his current CDCR number, but included "any amounts owed by a prisoner under a restitution fine or order, including any administrative fees related to such amounts."  Plaintiff was ordered to pay $1,400.00 as part of his current sentence (Defendant's Exhibit B, Abstract of Judgment), and Plaintiff had a restitution balance of $847.46 under his current CDCR number (P-91921) at the time the settlement amount was paid.  (Defendant's Exhibit A.)  In addition, Plaintiff owed $400.00 under his previous commitment number (E-23233).  (Defendant's Exhibit C, Offender Identification; Defendant's Exhibit D, Santa Clara County Arrest and Disposition History, pp. 1, 5, and 7.)  The total amount of restitution collected by CDCR was $1,247.46.

   The restitution amount of $400.00 was ordered to be paid by Plaintiff in court cases 127225, 127064, and 170145. (Defendant's Exhibit A, p. 2.)  The restitution amounts are listed as $100, $100, and $200, collectively, for a total of $400.00. (Id.)  In addition, CDCR collected an administrative fee of $62.37, or 5% of the total restitution amounts paid by Plaintiff.

   Accordingly, based on the evidence submitted by Defendant, the proper amounts were deducted from the settlement amount of $2,500.00, and $1,190.17 was properly credited to Plaintiff's trust account.  In light of this determination, Plaintiff's motion to compel, motion for discovery, and motion for response from District Judge Anthony W. Ishii shall be denied.

   **B.   Motion for Sanctions**

   Federal courts have the inherent authority to sanction conduct abusive of the judicial process. Chambers v. NASCO, Inc., 501 U.S. 32, 43-45 (1991).  However, because of their very potency, inherent powers must be exercised with restraint and discretion.  Id. at 44.  To be sanctionable under the Court's inherent power, the conduct must have constituted, or been tantamount to, bad faith. Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980); Gomez v. Vernon, 255 F.3d 1118, 1134 (9th Cir. 2001).

   Plaintiff seeks sanctions in the amount of $200 or any amount deemed appropriate by the Court.  (ECF No. 155.)  However, the evidence submitted by Defendant shows that all fees and

3

1  restitution were properly deducted in compliance with the applicable law and terms of the settlement

2  agreement, and the proper amount was thereafter deposited into Plaintiff's trust account.  There is no

3  showing of a display of bad faith on the part of Defendant, and Plaintiff's motion for sanctions shall be

4  denied.

5       **C.**     **Writ of Mandate**

6       Lastly, Plaintiff seeks a writ of mandate to compel Defendant Anderson or CDCR to deposit

7  additional funds in the amount of $462.37 into Plaintiff's trust account.

8       To the extent Plaintiff seeks a writ of mandate under 28 U.S.C. § 1361, his request must be

9  denied.  Under 28 U.S.C. § 1361, district courts have original jurisdiction to issue writs of mandamus

10 to "compel an officer or employee of the United States or any agency thereof to perform a duty owed

11 to the plaintiff."  28 U.S.C. § 1361.  A writ of mandamus is an extraordinary writ, and is issued only

12 when: (1) the plaintiff's claim is "clear and certain;" (2) the defendant official's duty to act is

13 ministerial and "so plainly prescribed as to be free from doubt;" and (3) no other adequate remedy is

14 available.  <u>Barron v. Reich</u>, 13 F.3d 1370, 1374 (9th Cir. 1994).

15      Plaintiff does not have an independent substantive right to a writ of mandate compelling

16 CDCR to deposit additional money into his prison trust account.  Further, as set forth above, the

17 evidence submitted demonstrates that the proper amount of money from the settlement agreement was

18 deposited into his prison trust account, and any further claim by Plaintiff as to an alleged breach of the

19 settlement should be raised by way of a breach of contract action in state court.  Accordingly,

20 Plaintiff's motion for a writ of mandate must be denied.

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

**II.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel (Doc. 154), motion for discovery (Doc. 157), and motion for response from District Judge Anthony W. Ishii (Doc. 158) are DENIED; and

2. Plaintiff's motion for sanctions and writ of mandamus (Doc. 155) is DENIED.

IT IS SO ORDERED.

Dated:   **February 25, 2016**

UNITED STATES MAGISTRATE JUDGE